COLLEEN FLYNN, SBN 235281
CHRIS FORD, SBN 239376
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
Telephone: (213) 252-9444
Facsimile: (213) 252-0091
E-mail: colleen_ucsc@hotmail.com

W. GORDON KAUPP, SBN 226141
115 ½ Bartlett Street
San Francisco, CA 94110
Telephone: (415) 285-8091
Facsimile: (415) 285-8092
E-mail: gordonk@hotmail.com

ATTORNEYS FOR PLAINTIFFS
MARGUERITE HIKEN AND
THE MILITARY LAW TASK FORCE

EDWARD H. WHITE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-5108
Facsimile: (202) 318-4268
E-mail: ned.white@usdoj.gov

ATTORNEY FOR DEFENDANTS
DEPARTMENT OF DEFENSE AND
UNITED STATES CENTRAL
COMMAND

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARGUERITE HIKEN and THE MILITARY LAW TASK FORCE, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE and UNITED STATES CENTRAL COMMAND, <br><br> Defendants. | **Case No. CV-06-2812 MHP** <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT, RULE 26(F) REPORT, AND [PROPOSED]ORDER** <br><br> CASE MANAGEMENT CONFERENCE <br> DATE: July 31, 2006 <br> TIME: 4:00 p.m. |

    Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Statement, Rule 26 (f) Report, and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred by telephone on July 7,

CASE MANAGEMENT STATEMENT, RULE 26(f) REPORT, AND PROPOSED ORDER,
CV-06-2812 MHP

2006, for the preparation of this Statement as required by Civ. L.R. 16-3. The parties make the following representations and recommendations:

**A. JOINT STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

This is an action filed under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure and release of agency records requested by Plaintiffs.

By letter dated March 17, 2005, Plaintiffs submitted a FOIA request ("Request") seeking records concerning (1) the Rules of Engagement ("ROE") in effect for military personnel who, on March 4, 2005, fired upon a car carrying Italian journalist Giuliana Sgrena; (2) any documents or information justifying firing on Ms. Sgrena's car; (3) any and all ROE in effect during the siege of Fallujah, Iraq, from March through December 2004; and (4) any and all documents (guidelines, trainings, rules, etc.) which relate to U.S. military personnel distinguishing between civilians and combatants in Iraq.

In their Request, plaintiffs also requested a limitation of processing fees and a waiver of processing fees.

By letter dated May 2, 2005, the Department of Defense ("DOD") informed Plaintiffs that it had received Plaintiffs' Request, that the documents requested were under the cognizance of the United States Central Command ("CENTCOM"), and that the Request had been forwarded to CENTCOM. By letter dated May 12, 2005, CENTCOM acknowledged receipt of the Request, and by a subsequent letter dated August 15, 2005, CENTCOM initially denied Plaintiffs' Request. By letter dated September 26, 2005, Plaintiffs timely appealed CENTCOM's denial of their Request, and by letter dated October 4, 2005, DOD acknowledged receipt of Plaintiffs' appeal, and notified Plaintiffs that it would not be able to complete the appeal within the statutory time requirement, due to a large number of pending appeals. DOD also notified Plaintiffs that responses are made on a first-in, first-out, easy-hard basis, and controlled in response queues. Defendants have not yet made a determination on Plaintiffs' appeal, nor have Defendants produced any records to Plaintiffs.

Plaintiffs subsequently brought the above-entitled lawsuit against Defendants under the FOIA to enjoin Defendants from withholding agency records responsive to Plaintiffs' requests. Plaintiffs allege that Defendants failed to timely respond to Plaintiffs' Request and failed to

promptly make available records sought in Plaintiffs' Request. Plaintiffs also allege that Defendants have not responded to Plaintiffs' requests for a limitation and waiver of processing fees.

Defendants deny that they have violated the statutory terms of FOIA or the applicable regulations. Defendants are currently processing Plaintiffs' FOIA requests. Once Defendants complete that processing, they will provide Plaintiffs with those records, if any, that are responsive to their requests and that are not subject to an exemption under FOIA. Defendants will also determine if Plaintiffs qualify for a waiver of duplication or processing fees. At that time, Plaintiffs will identify which, if any, withheld documents they wish to challenge or if this case may be settled. If the case cannot be settled, Defendants will prepare a <u>Vaughn</u> index for all of the documents contested and move for summary judgment.

**B. Principal Issues**

**1. The principal factual issues that the parties dispute are:**

See response to Section A above.

**2. The principal legal issues in dispute are:**

The parties dispute whether the Defendants violated their statutory obligation under the FOIA in responding to Plaintiffs' FOIA request. See also response to Section A above.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:** None.

**4. The following parties have not yet been served:** None. All parties have been served.

**5. Any additional parties that a party intends to join are listed below:** None.

**6. Any additional claims that a party intends to join are listed below:** None.

C. **ALERNATIVE DISPUTE RESOLUTION (choose one of the following three options.)**

☐ **This case already has been assigned or the parties have agreed to use the following court sponsored or other ADR procedure (please list the provider if other than the court):**

☐ **The parties have been unable to agree on an ADR procedure. The party[ies] listed below believes that the case is appropriate for the ADR procedure indicated:**

☑ **All the parties share the view that no ADR procedure should be used in this case. The specific basis for that view is set forth below:**

Given the nature of Plaintiffs' claims under the FOIA, the parties believe the case may be efficiently resolved by cross-motions for summary judgment and agree that no ADR process is likely to deliver benefits to the parties sufficient to justify the resources consumed by its use. Therefore, the parties do not request referral to an ADR process.

**The parties make the following additional suggestions concerning settlement:**

After Defendants complete processing of documents, the parties will confer and the case may be settled.

**The Court hereby orders:** _____
_____
_____

D. **CONSENT TO JURISDICTION BYA MAGISTRATE JUDGE**

**Parties consent to a jury or court presided over by a magistrate judge** ☐ yes

No trial needed. ☑ no

**The Court hereby refers this case for the following purposes to a magistrate judge:**

CASE MANAGEMENT STATEMENT AND PROPOSED ORDER, C-06-2812 MHP
- 4 –

_____

_____

_____

**E.     DISCLOSURES**

**The parties certify that they have made the following disclosures:**

    **1.     Persons disclosed pursuant to Civ. L.R. 16-5:**

N/A. The parties do not believe that disclosures or other discovery will be needed in this FOIA case.

    **2.     Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery:**

N/A. The parties do not believe that disclosures or other discovery will be needed in this FOIA case.

    **3.     Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:** N/A.

    **4.     All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been disclosed as follows:** N/A.

    **5.     The parties will disclose the following additional information by the date listed:**

N/A. The parties do not believe that disclosures or other discovery will be needed in this FOIA case.

    **6.     Disclosures are required by Fed. R. Civ. P. 26(e) will be supplemented at the following intervals:**

N/A. The parties do not believe that disclosures or other discovery will be needed in this FOIA case.

**F.    EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

| Moving Party | Nature of Motion | Hearing Date |
|---|---|---|
| Defendants | Motion for Summary Judgment | Approx. January, 2007 |
| Plaintiffs | Opposition and Cross-Motion for Summary Judgment | Approx. January, 2007 |
| Defendants | Opposition and Reply | Approx. January, 2007 |
| Plaintiffs | Reply | Approx. January, 2007 |

The parties are negotiating a specific briefing schedule regarding their cross-motions for summary judgment and will submit a proposed schedule when the dates are confirmed.

**G.    DISCOVERY**

    **1.    The parties have conducted or have underway the following discovery:**

    N/A. The parties do not anticipate the need for discovery in this FOIA case.

    **2.    The parties have negotiated the following discovery plan:**

    N/A. The parties do not anticipate the need for discovery in this FOIA case.

    **3.    <u>Limitations on discovery tools</u> in accordance with Civ. L. R. 30-1, 33-1 (specify number):**

    N/A. The parties do not anticipate the need for discovery in this FOIA case.

    **4.    The parties agree to the following limitations on the subject matter of discovery:**

    N/A. The parties do not anticipate the need for discovery in this FOIA case.

**5. Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s):**

N/A. The parties do not anticipate the need for discovery in this FOIA case.

**6. The Court orders the following additional limitations on the subject matter of discovery:** _____
_____
_____
_____

**7. Deadlines for disclosure of witnesses and completion of discovery:**

The parties do not anticipate the need for discovery or a trial in this FOIA case.

   **a.** **Disclosure of identifies of all witnesses to be called in each party's case-in-chief:**

      **plaintiff(s):** None.

      **defendant(s):** None.

   **b.** **Completion of all discovery except from experts (see Civ. L.R. 26-5):**

      N/A.

   **c.** **Disclosure of identities, resumes, final reports and all other matters required by Fed. R. Civ. P. 26(a)(2):**

      **plaintiff(s):** None.

      **defendant(s):** None.

   **d.** **Completion of discovery from experts (see Civ. L.R. 26-5):** N/A.

**II. PRETRIAL AND TRIAL SCHEDULE**

   1. **Trial date:** N/A. A trial will not be necessary; the parties believe this case may be resolved by cross-motions for summary judgment.

   **2.** **Anticipated length of trial (number of days):** N/A.

| | | |
|---|---|---|
| 1 | **3.** | **Type of trial:** N/A. |
| 2 | **4.** | **Final pretrial conference date:** N/A. |
| 3-6 | **5.** | **Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of Civ. L.R. 16-8(b)(7)-(10) and such other materials as may be required by the assigned judge:** N/A. |
| 7-8 | **6.** | **Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony):** N/A. |
| 9-10 | **7.** | **Deadline to hear motions directed to the merits of all or part of the case:** February 2007. |

**NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purposes of Civ. L.R. 16-9(a) which includes preparation of the joint pretrial conference statement and all other materials required by § H.5 above. Lead trial counsel shall also be present at the pretrial conference. ( see Fed. R. Civ. P. 16(d).)**

**I.** Date of next case management/status conference: N/A.

**J.** **OTHER MATTERS**

None.

**K.** **IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

**Identify by name, address and phone number lead trial counsel for each party.**

//
//
//
//
//
//
//

| | |
|---|---|
| COLLEEN FLYNN, SBN 235281<br>3435 Wilshire Blvd., Suite 2900<br>Los Angeles, CA 90010<br>Telephone: (213) 252-9444<br>Facsimile: (213) 252-0091<br>E-mail: colleen_ucsc@hotmail.com<br><br>ATTORNEY FOR PLAINTIFFS<br>MARGUERITE HIKEN<br>AND MLTF | EDWARD H. WHITE<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue NW<br>Washington, D.C. 20530<br>Telephone: (202) 514-5108<br>Facsimile: (202) 318-4268<br>E-mail: ned.white@usdoj.gov<br><br>ATTORNEY FOR DEFENDANTS<br>DEPARTMENT OF DEFENSE AND<br>UNITED STATES CENTRAL COMMAND |

Respectfully submitted,

BY: /s/ Colleen Flynn
 COLLEEN FLYNN
 CHRIS FORD
 W. GORDON KAUPP
 Attorneys for Plaintiffs

BY: /s/ Edward H. White
 EDWARD H. WHITE
 Attorney for Defendants

[Proposed] Order

The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement, Rule 26(f) Report, and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

The forgoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

IT IS SO ORDERED.

Date: _____

Marilyn Hall Patel
United States District Judge