JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT SCHOOLS
Acting United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director

WILLIAM B. JAFFE
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6109
Washington, D.C.  20530
Telephone:  (202) 353-7633
Facsimile:  (202) 616-8460
Email: william.jaffe@usdoj.gov

Attorneys for Defendants Department of Defense and United States Central Command

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARGUERITE HIKEN and THE MILITARY LAW TASK FORCE,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE and UNITED STATES CENTRAL COMMAND<br><br>    Defendants. | Case No. CV-06-2812 (MHP)<br><br>Hearing Date:  January 28, 2008<br>Hearing Time:  2:00 p.m. |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RENEWED MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

This action concerns plaintiffs' Freedom of Information Act ("FOIA") request to the Department of Defense ("DOD") seeking 1) the rules of engagement in Iraq, and 2) documents concerning the shooting of an Italian journalist and an Italian official as their car approached a checkpoint outside of Baghdad.

For a complete statement of material facts, the Court is respectfully referred to defendants' First Motion for Summary Judgment, and defendants' reply in support of their First Motion for Summary Judgment. When defendants moved for summary judgment, plaintiffs cross-moved for summary judgment. The Court denied both defendants' and plaintiffs' motions for summary pursuant to its Memorandum and Order, dated September 28, 2007 ("Order").

Pursuant to the Order, the Court required defendants to supply a supplemental declaration, describing the search that was conducted for documents and describing the mistaken posting of 15-6 report on the internet in a format that could be manipulated to reveal classified information. The Order also required defendants to provide *in camera* review of the documents in question, and take certain other steps including providing unredacted portions of certain documents to plaintiffs. Defendants previously complied with the order in all respects except for filing the supplemental declaration and received an extension until December 14, 2007 to provide the supplemental declaration. The supplemental declaration is filed herewith.

The supplemental declaration of Major General Thomas L. Moore Jr. ("Moore Declaration" or "Moore Decl.") describes a new search for documents rather than the original search. Defendants were unable to comply with the Court's direction to describe the original search because of personnel changes since the first search was performed and defendants' inability to locate a record of the search terms used previously. Consequently, defendants obtained plaintiffs' consent, and the Court's permission, to perform a new search for documents. This new search resulted in the production of certain appendices to the documents which had not been located previously. These appendices have been turned over to plaintiffs, and to the Court, and are described in the Revised Vaughn Declaration. Now that defendants have complied with

the September 28, 2007 Order in all respects, defendants respectfully move for renewal of defendants' first motion for summary judgment.[1] Defendants could not move for this relief previously as the new search described in the Moore Declaration had not yet been completed.

## ARGUMENT

**I.     SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS IS APPROPRIATE, PURSUANT TO EXEMPTION 1, AS TO THE FIRST FOUR DOCUMENTS LISTED ON THE REVISED VAUGHN INDEX.**

Since defendants have met their burden of showing that the first four documents[2] were properly classified under Exemption b(1), the Court should grant summary judgment to defendants as to those documents. The Court held that substantial weight must be accorded to the defendants' declarations unless controverted by record evidence or evidence of bad faith. Order at 10; *Minier v. CIA,* 88 F.3d 796, 800 (9th Cir. 1996). The Court also found "no tangible evidence of bad faith" on the part of defendants. Order at 10-11; *Carter v. U.S. Dep't of Commerce,* 830 F.2d 388, 393 (D.C. Cir. 1987) (before subjecting the government's affidavit to heightened scrutiny, court must have tangible evidence of bad faith).

The Court found that plaintiffs have not rebutted defendants' explanation that disclosure of the first four documents could damage national security by posing a security risk to troops in Iraq. Order at 12-13 (quoting the Ghormley Nov. 3, 2006 Dec. at ¶¶ 8, 11-13). Moreover, the Court did not find that this information had been previously disclosed (Order at 14), and held further that, even if it had been, there was a sound reason for avoiding further disclosure: "avoiding official confirmation or disclosure of classified information is a valid basis for

---

[1] A separate motion for summary judgment has been briefed but not yet argued before the Court concerning five documents referred from the Department of Defense to the State Department. Oral argument on that motion is currently scheduled for January 28, 2008.

[2] Summary judgment in favor of defendants is also appropriate as to the 15-6 report (the fifth document listed on the Revised Vaughn Index) for the reasons stated in defendants' first motion for summary judgment and for the reasons stated at Point II *infra*. Those arguments are not repeated here, and the Court is respectfully referred to defendants First Motion for Summary Judgment for the full arguments.

Defendants' Renewed Motion for
Summary Judgment  CV-06-2812 (MHP)                        2

invoking Exemption 1." Order at 13-14; *See Edmonds v. FBI,* 272 F. Supp. 2d 35, 48 (D.D.C. 2003). Since the Court found that defendants met their burden pursuant to Exemption 1, defendants are entitled to summary judgment as to first four documents pertaining to the rules of engagement. *Id.* at 14 ("The Court concludes that defendants have met their burden for justifying non-disclosure under Exemption 1"). Consequently, summary judgment in favor of defendants is appropriate upon the Court's *in camera* review of these documents. *Id.*

## II. DEFENDANTS DID NOT WAIVE THE CLAIMED EXEMPTIONS BY MISTAKENLY POSTING THE 15-6 REPORT ON THE INTERNET IN A FORMAT WHERE THE REDACTIONS COULD BE REMOVED.

Plaintiffs claimed that the mistaken posting of the 15-6 report waived the protection of the claimed exemptions. Order at 11. In reviewing this matter, the Court recognized that "[i]t seems highly unlikely that the 'mistaken' posting of a redacted version of the report meets the requirements to overcome the claimed exemptions" . *Id.* Nevertheless, the Court required a further explanation concerning this mistaken posting of the 15-6 report on the internet.

In order for a government agency to waive the protection of a FOIA exemption, an authoritative agency official must officially and intentionally release the information publicly. *Frugone v. CIA,* 169 F.3d 772, 774 (D.C. Cir. 1999). Furthermore, the party claiming that a waiver has occurred bears the burden of demonstrating that the specific information at issue has been officially disclosed. *See Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983); *James Madison Project v. National Archives*, 2002 WL 31296220, *1 (D.C. Cir. 2002). Here, far from meeting plaintiffs' burden, the evidence indicates that the mistaken posting of the report in an insecure format was not an official disclosure and does not overcome the claimed exemptions.

First, a comparison of the two versions of the report, redacted and unredacted, shows that the redactions were intended to protect highly sensitive information pertaining to rules of conduct for the armed forces including, but not limited to, tactics for movement and control of traffic, the rules of engagement, standard operating procedures, information concerning improvised explosive devices, training, communications, and reports of casualties. *See* Moore Decl. ¶ 4(d);

1  Clearly such information falls within the protections of Exemption 1 because the dissemination
2  of this information may compromise the security of U.S. troops in Iraq (and thus meets the
3  procedural and substantive requirements for classified information as set out in E.O. 12958 as
4  amended).  Order at 14 ("The court concludes that defendants have met their burden for
5  justifying non-disclosure under Exemption 1").
6       Further, the following evidence indicates that the unauthorized posting of this document
7  in this format where classified information could be revealed was completely unintentional.
8  First, there was no formal FOIA review permitting this posting in this insecure format, as would
9  be required before the official release of such a document.  Moore Decl. ¶ 4(a).  Second, the
10 redactions were "unredacted" or unmasked by an unauthorized third party, and not by the
11 government further supporting the government's contention that this mistaken posting in this
12 insecure format was unintentional. Moore Decl. ¶ 4(c).  Third, the document was removed from
13 the MNF-I web site in less than 15 minutes from the time this error became known,
14 demonstrating that defendants did not intend that this information be made public.  Moore Decl.
15 ¶ 4(b).  Fourth, by plaintiffs' own admission, the information was available on the internet in
16 unredacted form only from "unofficial sources."  *See* Plaintiffs' Mem. at 14; Moore Decl. ¶ 4(c).
17 Fifth, even the employee who posted the report ineffectively did take pains to try to redact the
18 classified information, and thought he had done so – again demonstrating defendants' intent to
19 keep this information classified.  Moore Decl. ¶ 4(a).  All of these factors support defendants'
20 explanation that the posting of the report was mistaken and that no one intended to reveal this
21 sensitive information.
22       Moreover, as the Court also recognized, official release of the information would result in
23 confirmation of the earlier posting and  "avoiding official confirmation or disclosure of classified
24 information is a valid basis for invoking Exemption 1."  Order at 13; *Fitzgibbon v. CIA,* 911 F.2d
25 755,766 (D.C. Cir. 1990) ("[W]e have unequivocally recognized that the fact that information
26 resides in the public domain does not eliminate the possibility that further disclosures can cause
27 harm to intelligence sources, methods and operations.").  Defendants, therefore, did not
28

Defendants' Renewed Motion for
Summary Judgment  CV-06-2812 (MHP)                    4

1  knowingly waive the protections of the claimed statutory exemptions. Hence, summary

2  judgment is appropriate as to the 15-6 report.

3  **III.     DEFENDANTS PROPERLY CONDUCTED A
          COMPREHENSIVE NEW SEARCH FOR RESPONSIVE
4         DOCUMENTS.**

5       Plaintiffs claimed that defendants' search for responsive documents was inadequate.

6  Order at 6-7. To obtain summary judgment on the issue of the adequacy of the records search,

7  an agency must "conduct a search reasonably calculated to uncover all relevant documents."

8  Citizens Commission on Human Rights v. Federal Drug Administration, 45 F.3d 1325, 1328 (9th

9  Cir. 1995) (quoting Zemansky v. Environmental Protection Agency, 767 F.2d 569, 571 (9th cir.

10 1985)). "'[A]ffidavits describing agency search procedures are sufficient for purposes of

11 summary judgment . . . if they are relatively detailed in their description of the files searched and

12 the search procedures, and if they are nonconclusory and not impugned by evidence of bad faith."

13 Citizens Comm'n, 45 F.3d at 1328 (quoting Zemansky, 767 F.2d at 571).

14      In determining the sufficiency of a search, "'the issue to be resolved is not whether there

15 might exist any other documents possibly responsive to the request, but rather whether the *search*

16 for those documents was *adequate*.'" Citizens Comm'n, 45 F.3d at 1328 (quoting Zemansky, 767

17 F.2d at 571) (court's emphasis). An agency can meet its burden by submitting an affidavit

18 "setting forth the search terms and the type of search performed, and averring that all files likely

19 to contain responsive materials ... were searched." *See Iturralde v. Comptroller of the Currency*,

20 315 F.3d 311, 313-14 (D.C. Cir. 2003).

21      Here, defendants were unable to document the search that had been conducted in the past

22 because of personnel changes and their failure to document the prior search that had been

23 performed. Defendants therefore volunteered to conduct a new search. The Moore Declaration

24 explains that the search was reasonably calculated to discover all responsive materials. The

25 Moore Declaration also explains that the databases searched would have been likely to contain

26 any documents responsive to the requester. Moore Declaration at ¶ 3(a).  Moreover, the Moore

27 Declaration described an extensive list of search terms used to conduct the search. Moore

28

Defendants' Renewed Motion for
Summary Judgment  CV-06-2812 (MHP)            5

1  Declaration at ¶ 3(b).   Hence, since defendants demonstrated that their search was performed in
2  good faith, was reasonably calculated to uncover all likely documents, and did not turn up
3  additional documents beyond the appendices which were released to plaintiffs, the search was
4  proper and the Court should grant defendants' motion for summary judgment.

5  **IV.    THE REVISED VAUGHN INDEX SUFFICIENTLY DESCRIBES THE SPECIFIC HARMS WHICH MAY**
6  **RESULT FROM RELEASE OF THE INFORMATION.**

7       The Court found that the Vaughn Index as previously drafted did not adequately describe
8  the specific harms which may result from the release of the documents.  Order at 8-9.
9  A Vaughn Index properly identifies each document withheld, the statutory exemption claimed,
10 and provides "a particularized explanation of how disclosure of the particular document would
11 damage the interest protected by the claimed exemption." *Weiner v. FBI,* 943 F.2d 972, 976 (9th
12 Cir. 1991).  The Revised Vaughn Index explains in great detail the specific harm which may
13 result from the release of the documents in question.
14       Here, the Revised Vaughn Index clearly explains that avoiding the threat of serious
15 injury or death to U.S. forces under fire is one of the main reasons for classification of these
16 documents pursuant to Exemption 1.  Knowledge of our procedures and tactics, the Rules of
17 Engagement and the standard operating procedure at checkpoints, for instance, could allow the
18 enemy in Iraq to alter its behavior in conformity with the knowledge gained from this classified
19 information, thus placing U.S. forces at risk of death or injury.  Revised Vaughn Index at 2-5.
20       For instance, the Revised Vaughn Index explains, with regard to Documents 1, 2a, 2b, 2c,
21 2d, 2e, and 3, that if our opponents knew our Rules of Engagement they could alter their
22 behavior, which would put our own service members and Coalition Forces at risk as they follow
23 the procedures laid out in this document, resulting in the possible loss of lives of our troops.
24 Revised Vaughn Index at 2-5.  Non-disclosure, therefore, safeguards information that could be
25 exploited by our enemies.  Since the Revised Vaughn Index properly explains the potential harm
26 that may result from release of the documents in question, summary judgment in favor of
27 defendants is appropriate. Revised Vaughn Index at 1-5.
28

Defendants' Renewed Motion for
Summary Judgment  CV-06-2812 (MHP)          6

1       Documents 3b, 3c, and 3d were properly classified because they concern rules of
engagement, targeting information, and weapons systems or operations.  This information could
be used by the enemy to "circumvent lawful actions by Coalition forces." Again, this would
enable the enemy to "alter [its] behavior, which would put our own service members and
Coalition Forces at risk."   Revised Vaughn Index at 5-6. Similar concerns are addressed with
regard to document 4.  Revised Vaughn Index at 7-8.

        With regard to the 15-6 report (document 5) and its annexes, the Revised Vaughn Index
makes clear that information contained within the 15-6 report and the annexes such as, but not
limited to, rules of engagement, standard operating procedures, operational routes, roadside
security and other essential military operations, traffic control points, blocking positions,
information concerning improvised explosive device threats and detection, are all properly
classified as secret pursuant to E.O. 12958, as amended, Sec. 1.4(a), which  concerns military
plans, weapons systems, or operations.  The Revised Vaughn Index also makes clear that
unauthorized disclosure of this information could reasonably be expected to result in damage to
national security.  Revised Vaughn Index at 9.  In addition, this and similar information was also
properly classified as secret pursuant to E.O. 12958, as amended, Sec. 1.4(g) which concerns
vulnerabilities or capabilities of various systems, installations, projects and plans.  Revised
Vaughn Index at 9.  For a full description of the other harms tied to release of the 15-6 report, the
Court is respectfully referred to the Revised Vaughn Index at 9-10, pertaining to Exemptions 2,
3, 5 and 6.  Since the Revised Vaughn Index fully describes the harms likely to result from the
release of the documents in question, defendants are entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Court should grant defendants' renewed motion for summary judgment.

Dated: December 14, 2007

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

SCOTT SCHOOLS
Acting United States Attorney

ELIZABETH J. SHAPIRO
Assistant Director

/s/ William B. Jaffe
WILLIAM B. JAFFE (N.Y. Bar)
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6110
Washington, D.C. 20530
Tel: (202) 353-7633
Fax: (202) 616-8460
Email: william.jaffe@usdoj.gov
Attorneys for Defendants

hiken-foia\memos\hiken_renewal_motion_summary_judgment_dod_documents.wpd

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on December 14, 2007, a true and correct copy of the |
| 3 | foregoing Defendants' renewed motion for summary judgment was served via ECF upon |
| 4 | plaintiffs' counsel of record at the address listed below: |

Chris Ford, Esq.
Colleen Flynn, Esq.
3435 Wilshire Blvd.
Suite 2900
Los Angeles, CA 90010

Dated: December 14, 2007.

          s/ William B. Jaffe
          WILLIAM B. JAFFE

**TABLE OF CONTENTS**

        **PAGE**

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS IS APPROPRIATE, PURSUANT TO EXEMPTION 1 AS TO THE FIRST FOUR DOCUMENTS LISTED ON THE REVISED VAUGHN INDEX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    DEFENDANTS DID NOT WAIVE THE CLAIMED EXEMPTIONS BY MISTAKENLY POSTING THE 15-6 REPORT ON THE INTERNET IN A FORMAT WHERE THE REDACTIONS COULD BE REMOVED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    DEFENDANTS PROPERLY CONDUCTED A COMPREHENSIVE NEW SEARCH FOR RESPONSIVE DOCUMENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV.    THE REVISED VAUGHN INDEX SUFFICIENTLY DESCRIBES THE SPECIFIC HARMS WHICH MAY RESULT FROM RELEASE OF THE INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Defendants' Renewed Motion for
Summary Judgment  CV-06-2812 (MHP)        i

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |

**CASES** **PAGE(S)**

Afshar v. Dep't of State, 702 F.2d 1125 (D.C. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Carter v. U.S. Dep't of Commerce, 830 F.2d 388 (D.C. Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . 2

Citizens Commission on Human Rights v. Federal Drug Administration,
  45 F.3d 1325 (9th Cir. 1995) ......................................................................................5

Edmonds v. FBI, 272 F. Supp. 2d 35 (D.D.C. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Frugone v. CIA, 169 F.3d 772 (D.C. Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Iturralde v. Comptroller of the Currency, 315 F.3d 311 (D.C. Cir. 2003). . . . . . . . . . . . . . . . . 5

James Madison Project v. National Archives, 2002 WL 31296220 (D.C. Cir. 2002). . . . . . . . . 3

Minier v. CIA, 88 F.3d 796 (9th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Weiner v. FBI, 943 F.2d 972 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Zemansky v. Environmental Protection Agency, 767 F.2d 569 (9th cir. 1985)................................5