1   STUART F. DELERY
    Acting Assistant Attorney General
2

3   MELINDA HAAG
    United States Attorney
4

5   ELIZABETH J. SHAPIRO
    Deputy Branch Director
6

7   TIMOTHY A. JOHNSON
    D.C. Bar No. 986295
8   U.S. Department of Justice
    Civil Division
9   Federal Programs Branch
    20 Massachusetts Ave. NW
10  Washington, D.C. 20530
    Telephone: (202) 514-1359
11  Facsimile: (202) 616-8470
    E-mail: timothy.johnson4@usdoj.gov
12

13  *Attorneys for Defendants*
    *Department of Defense*
14  *and U.S. Central Command*

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                                    )
                                      )   Case Number: C 06-02812 (MHP)
19  MARGUERITE HIKEN and              )
    THE MILITARY LAW TASK FORCE,      )
20                                    )
                        Plaintiffs,   )   **MOTION FOR LEAVE TO FILE**
21                                    )   **MOTION FOR CLARIFICATION AND**
                                      )   **PARTIAL RECONSIDERATION**
22          v.                        )
                                      )
23                                    )
    DEPARTMENT OF DEFENSE AND         )
24  UNITED STATES CENTRAL COMMAND     )
                                      )
25                      Defendants.   )

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLEASE TAKE NOTICE that Defendants hereby move this Court to grant Defendants leave to file the attached proposed Motion for Clarification and Partial Reconsideration of the Court's Order of February 2, 2012 (Dkt. No. 94) ("2012 Order).[1]

In the almost four years since the parties last provided any briefing on the issues covered by the 2012 Order, there have been significant changes in both the law surrounding the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), and the relevant facts.  In light of the 2012 Order, these matters need to be addressed, and Defendants should therefore be permitted to seek partial reconsideration.

Defendants also request clarification of certain requirements of the 2012 Order. Depending on what clarification, if any, the Court provides, reconsideration of these issues may not be necessary.  In any event, such clarification and partial reconsideration may eliminate future disputes regarding whether or not Defendants have adequately complied with the 2012 Order, and thus conserve the resources of both the Court and the parties (and ultimately the court of appeals, if any party were to seek appellate review of an adverse decision).

### STATEMENT OF ISSUE

Whether Defendants should be granted leave to file the attached proposed Motion for Clarification and Partial Reconsideration of the Order of February 2, 2012, given the significant changes in law and facts since the issues in Order were originally briefed.

### STATEMENT OF FACTS

In 2006, Plaintiffs Marguerite Hiken and the Military Law Task Force ("Plaintiffs") filed a complaint against Defendants Department of Defense and U.S. Central Command ("Central Command," collectively "Defendants") seeking the disclosure under FOIA of certain documents relating to the death of Nicola Calipari.  The parties all moved for summary judgment, and in 2007, the Court issued an order in response to this motion.  Although the 2007 Order denied

---

[1]  Under Local Civil Rule 7-9(d), no hearing will be held concerning a motion for leave to file a motion to reconsider unless ordered by the Court.  If the Court orders a hearing, the Court will fix an appropriate schedule.  Accordingly, Defendants have not noticed this motion or their proposed Motion for Clarification and Partial Reconsideration for hearing.

2

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1    summary judgement to both parties and required Defendants to produce additional information,

2    the Court upheld many of Defendants' withholdings.  *See* Mem. and Order (Dkt. 53), filed Oct.

3    2, 2007 ("2007 Order"), at 14, 22.  In particular, as relevant here, the Court held that Defendants

4    had adequately justified their withholding of classified information under Exemption 1, 5 U.S.C.

5    § 552(b)(1), and their withholding of names and similar personally identifying information under

6    Exemption 6, 5 U.S.C. § 522(b)(6).  *See* 2007 Order at 14, 22.

7            The parties later filed renewed motions for summary judgment, and almost four years

8    after the end of the related briefing, the Court issued the 2012 Order.  In this Order, the Court

9    ruled that Defendants were entitled to withhold several categories of information under FOIA.

10   *See, e.g.*, 2012 Order at 13, 15, 18, 24.  In marked contrast to the 2007 Order, however, the Court

11   raised newfound concerns about some of the Defendants' Exemption 1 and Exemption 6

12   withholdings in its 2012 Order and ordered disclosure or additional filings on the basis of those

13   concerns.  *See* 2012 Order at 11-13, 19-20, 24.  The Order also required Defendants to show why

14   certain classified information related to the Iraq War still needed to be classified, *id.* at 13, 24,

15   which Defendants did in their filing of February 27, 2012 (Dkt. No. 96).

16                                        **ARGUMENT**

17           The Local Civil Rules place certain limitations on parties' ability to move for

18   reconsideration. The rules do not so limit motions for clarification, but, given the close link

19   between Defendants' requests for clarification and reconsideration, Defendants nonetheless file

20   these requests as part of a single motion, and seek the Court's leave to do so.

21           Under the Local Rules, "[b]efore the entry of a judgment adjudicating all of the claims

22   and the rights and liabilities of all the parties in a case, any party may make a motion before a

23   Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any

24   interlocutory order."  Civil L.R. 7-9(a).  The Court's 2012 Order does not resolve all issues in the

25   case:  in particular, the Court has not finally ruled as to whether Defendants may continue to

26   withhold certain classified information related to the Iraq War.  Defendants thus may properly

27

28

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1

2

request leave to file a motion for reconsideration of the 2012 Order.  The Court should grant this

motion for leave to file if Defendants can show:

> That at the time of the motion for leave, a material difference in fact or law exists
> from that which was presented to the Court before entry of the interlocutory order
> for which reconsideration is sought [and] that in the exercise of reasonable
> diligence the party applying for reconsideration did not know of such fact or law
> at the time of the interlocutory order.

Civil L.R. 7-9(b)(1).  Defendants can meet this standard with regard to all grounds upon which

they seek reconsideration.

### I. Defendants Are Entitled to Move for Reconsideration and Correct Perceived Deficiencies in Their Exemption 1 Withholdings Before Disclosure Is Ordered.

Respondents' seek clarification that the Court's criticism of Defendants' explanations of

their Exemption 1 withholdings and segregation of them does not affect Defendants'

authorization to continue withholding certain information under Exemption 1.  As further

explained in the proposed motion, Defendants understand the 2012 Order to authorize

Defendants to continue withholding two categories of information under Exemption 1: (1)

"weapons systems, weapons operations, and intelligence sources and methods"; and (2)

"operating procedures and methods of self-defense and target identification used in Iraq" (at least

until such time as the Court completes its review of the parties' show cause filings).  *See* 2012

Order at 13, 24.  If Defendants' understanding of the Order is correct, then no reconsideration of

this issue is necessary:  Defendants' understand all information that they are still withholding

under Exemption 1 to fall into these authorized categories.

Defendants, however, recognize the possibility that the Court may interpret the Order

differently, and that the Court may contemplate disclosure of some information in these

categories based on the perceived failure of Defendants to provide detail and segregate.  *Id.* At

24.  If the Court were to interpret the Order in this way, Defendants are entitled to seek

reconsideration of the Order.  The Court's 2007 Order generally accepted Defendants'

explanations of their Exemption 1 withholdings.  *See* 2007 Order at 13 ("The Court concludes

that defendants have met their burden for justifying non-disclosure under Exemption 1.").  Thus,

4

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

before the Court's 2012 Order, the Court had apparently accepted Defendants' justifications for their Exemption 1 withholding were fundamentally sound, and Defendants had a reasonable belief that their justification for the Exemption 1 withholdings did not require major revision or updating.

In its 2012 Order, the Court, based on the passage of time and changed factual circumstances (namely, the end of the Iraq War), revisited and partially overturned its previous ruling that Defendants had adequately justified their Exemption 1 withholdings. *See* 2012 Order at 7, 9-10. Thus, both the Court's understanding of the case and the facts on the ground have changed since Defendants last briefed the Court in 2008 concerning the Exemption 1 withholdings. Accordingly, Defendants have shown the existence of "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order" and that they did not know of this difference "in the exercise of reasonable diligence." Civil L.R. 7-9(b). Defendants are thus entitled to request that the Court reconsider its 2012 Order to the extent that it requires disclosure under Exemption 1, and allow Defendants to attempt to address the Court's concerns about lack of detail and segregation, as Defendants have done in their Second Revised Vaughn Index and revised disclosures, attached to their proposed Motion for Clarification and Partial Reconsideration. Allowing Defendants to do so is consistent with the well-established practice of allowing the government to remedy any perceived problems with a Vaughn index before compelling disclosure of sensitive information *See, e.g., Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991); *Gerstein v. Cent. Intelligence Agency*, No. C 06-4643 (MMC), 2008 WL 4415080 at *13 (N.D. Cal. Sept. 26, 2008) ("Where an agency's affidavit is determined to be insufficient, and it appears that a more detailed affidavit could be presented, the court should permit the agency to provide a more detailed affidavit.").

## II. Defendants Are Entitled to Seek Reconsideration of the Court's Exemption 2 Rulings Based on Major Changes in Exemption 2 Law that Occurred While the Case Was Pending.

As discussed in greater detail in the attached proposed motion, Defendants have identified a small amount of Iraq-related operational and targeting information previously

5

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

withheld under Exemption 2 that is properly classified and thus should be withheld under Exemption 1.  As the Court acknowledges in the 2012 Order, 2012 Order at 14, there has been a significant, relevant change in the law since Defendants last explained their withholdings under Exemptions 1 and 2:  namely, the Supreme Court's recent decision in *Milner v. Dep't of Navy*, 131 S. Ct. 1259 (2011), which overturned thirty years of precedent regarding the application of Exemption 2, precedent on which Defendants had relied to justify their Exemption 2 withholdings.

Milner was decided less than a year before the Court issued the 2012 Order.  At the time that *Milner* was decided, Defendants did not know that any information they were withholding entirely on the basis of Exemption 2 was also properly classified and thus should be withheld under Exemption 1, as their original review of the documents had not identified this information as classified.  It was only in conducting a revised classification review of Documents 1-5 in response to the 2012 Order that Major General Horst, an original classification authority, determined that certain materials previously withheld under Exemption 2 should in fact be classified.  *See* Def.'s Response to Show Cause Order (Dkt. No. 96), filed Feb. 27, 2012, Ex. 1, Declaration of Major General Karl R. Horst (Feb. 26, 2012) ¶¶ 4, 9, 10, 12, 17.  As such, there has been a significant change of law regarding Exemption 2, the precise relevance of which Defendants were reasonably unaware of until after the Court issued the 2012 Order.  Thus, Defendants are entitled to seek reconsideration of the 2012 Order's requirement that they produce this information.

**III. Defendants Understand the Court's Order to Authorize Them to Withhold Photographs of the Faces of Overseas Service Members, But Should Be Allowed to Seek Further Clarification.**

Defendants' third request is primarily for clarification, not an independent claim for reconsideration.  The Court's Order authorizes Defendants to withhold personally identifying information of overseas or routinely deployable service members under Exemption 3, but also denies Defendants' ability to withhold certain photographs under Exemption 6.  2012 Order at 15, 20.  Defendants seek clarification that the Court's authorization to withhold personally

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

identifying information of overseas or routinely deployable service members includes the ability
to redact portions of photographs disclosing their faces.

### IV. Defendants Are Entitled to Seek Reconsideration of the Court's Decision Not to Allow Defendants to Withhold Names, Photographs, and Other Personally Identifying Information under Exemption 6 Given Significant Recent Precedent.

Finally, the Court should grant Defendants leave to move for reconsideration of the
Court's ruling that Defendants cannot withhold names and similar personally identifying
information of DoD personnel, including photographs of faces, under Exemption 6.  Since
Defendants last presented legal arguments to the Court regarding Exemption 6, there has been a
significant change in the Exemption 6 case law.  Namely, at the time, Defendants were only able
to point to a small number of unpublished opinions in which federal courts had upheld the
governments' ability to withhold the names of Department of Defense ("DoD") personnel under
Exemption 6.  *See* Def.'s Mot. for Summary Judgment (Dkt. No. 18), filed Nov. 3, 2006, 19.
Since 2007, a number of federal courts have ruled that the government can in fact withhold the
names of DoD personnel under Exemption 6.  *See Schoenman v. Fed. Bureau of Investigation*,
575 F. Supp. 2d 136, 160-61 (D.D.C. 2008); *Schwaner v. Dep't of the Army*, 696 F. Supp. 2d 77,
82-83 (D.D.C. 2010); *Bangoura v. Dep't of Army*, 607 F. Supp. 2d 134, 147-49 (D.D.C. 2009).

Defendants did not previously bring these cases to the Court's attention, as Defendants
reasonably concluded that it was not necessary for them to do so.  In the Court's 2007 Order, the
Court specifically found that "redactions of names of military personnel . . . fall under
Exemption 6."  2007 Order at 22.  Indeed, after the 2007 Order, the parties treated this matter as
a largely settled issue and did not address it in subsequent briefing.  *See* Def.'s Renewed Mot. for
Summary Judgment (Dkt. No. 66), filed Dec. 14, 2007; Pl.'s Opp'n and Mot. for Summary
Judgment (Dkt. No. 69), filed Feb. 11, 2008; Def.'s Reply (Dkt. No 73), filed Mar. 18, 2008;
Pl.'s Reply (Dkt. No 74), filed Mar. 31, 2008.  As such, Defendants saw no need to inform the
Court of these developments in the law of Exemption 6 that confirmed the Court's conclusion in
the 2007 Order.  Now, the weight of authority clearly favors allowing the withholding of names,
photographs of faces, and other personally identifying information under Exemption 6.

7

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*

1

2

3

Defendants  reasonably believed, based on the Court's 2007 Order, that there was no need to bring this law to the Court's attention.  As such, Defendants should be granted leave to move for reconsideration of the Court's Exemption 6 ruling.

4

**CONCLUSION**

5

6

For the foregoing reasons, the Court should grant Defendants leave to file the attached proposed Motion for Clarification and Partial Reconsideration.

7

8

Dated: March 14, 2012                                    Respectfully submitted,

9

10

STUART F. DELERY
Acting Assistant Attorney General

11

12

MELINDA HAAG
United States Attorney

13

ELIZABETH J. SHAPIRO
Deputy Branch Director

14

15

*/s/ Timothy A. Johnson*
TIMOTHY A. JOHNSON
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-1359
Facsimile: (202) 616-8470
E-mail: timothy.johnson4@usdoj.gov

16

17

18

19

20

*Attorneys for Defendants*

21

22

23

24

25

26

27

28

8

*Motion for Leave to File Motion for Clarification and Partial Reconsideration, C 06-02812 (MHP)*