IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Marguerite Hiken, et al., | NO. C 06-02812 JW |
| Plaintiffs, | **ORDER GRANTING EMERGENCY MOTION FOR ADMINISTRATIVE STAY; GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION FOR CLARIFICATION AND RECONSIDERATION** |
| v. | |
| Department of Defense, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Emergency Motion for Administrative Stay.[1] In their Emergency Motion, Defendants request that the Court temporarily stay its February 2, 2012 Order,[2] which requires Defendants to disclose certain information on or before April 2, 2012, so that the Court may: (1) consider several pending motions[3] pertaining to that disclosure; and (2) review

---

[1] (Emergency Motion for Administrative Stay and Motion to Stay Disclosure Pending Resolution of Show Cause Responses and Defendants' Proposed Motion for Clarification and Reconsideration, hereafter, "Emergency Motion," Docket Item No. 104.)

[2] (Memorandum and Order re Motions for Summary Judgment, hereafter, "February 2 Order," Docket Item No. 94.) The February 2 Order was issued by Judge Patel. On March 23, 2012, this case was reassigned from Judge Patel to Chief Judge Ware. (See Docket Item No. 103.)

[3] The pending motions are as follows: (1) Defendants' Motion for Leave to File Motion for Clarification and Partial Reconsideration, hereafter, "Motion for Leave," Docket Item No. 98; and (2) Defendants' Notice of Motion and Motion to Stay Disclosure Pending Resolution of Show Cause Responses and Defendants' Proposed Motion for Clarifcation [sic] and Reconsideration, hereafter, "First Motion to Stay," Docket Item No. 99. Both Motions were filed prior to the reassignment of this case to Chief Judge Ware.

1 the parties' responses to the "show cause portion" of the February 2 Order.[4] (Emergency Motion at
2 1.) In particular, Defendants request that the Court: (1) "immediately enter a temporary
3 administrative stay" of the February 2 Order "to allow the Court time to consider [this Motion]"; and
4 (2) "stay any disclosure requirement until sixty days after the Court completes its review of the
5 parties' show cause responses or resolves [Defendants' Motion for Leave]." (Id. at 9.) Defendants
6 contend that if the Court does not temporarily stay the February 2 Order, they will "file a notice of
7 appeal and move in the [Ninth Circuit] for an emergency stay pending appeal" of that Order. (Id. at
8 2.) Although Plaintiffs have not filed an Opposition to the Emergency Motion, Defendants contend
9 that "Plaintiffs oppose [their] request for an immediate stay." (Id. at 2 n.2.)

10 "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v.
11 Holder, 129 S. Ct. 1749, 1760 (2009) (citation omitted). Rather, it is "an exercise of judicial
12 discretion," and the "propriety of its issue is dependent upon the circumstances of the particular
13 case." Id. (citations omitted). "The party requesting a stay bears the burden of showing that the
14 circumstances justify an exercise of that discretion." Id.

15 The standard for determining whether to grant a stay pending an appeal is similar to the
16 standard for issuing a preliminary injunction.[5] See Tribal Village of Akutan v. Hodel, 859 F.2d 662,
17 663 (9th Cir. 1988). In considering whether to issue such a stay, district courts consider the
18 following factors: (1) "whether the stay applicant has made a strong showing that [she] is likely to
19 succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3)
20 "whether issuance of the stay will substantially injure the other parties interested in the proceeding";
21 and (4) "where the public interest lies." Nken, 129 S. Ct. at 1760 (citation omitted). The first two

---

[4] In the Court's February 2 Order, the Court required Defendants to "show cause in writing on or before February 27, 2012 why [certain documents] should not be fully released." (February 2 Order at 24.)

[5] Defendants have not yet filed an appeal of the Court's February 2 Order. However, the Court assesses their Emergency Motion pursuant to Ninth Circuit caselaw for a stay pending appeal, in light of Defendants' contention that they will file an appeal in the Ninth Circuit if this case is not stayed prior to March 27, 2012.

factors "are the most critical." Id. at 1761; see also Big Lagoon Rancheria v. California, 759 F. Supp. 2d 1149, 1164 (N.D. Cal. 2010).

Alternatively, a party may seek a stay pursuant to the "serious questions" test, which requires a moving party to demonstrate "serious questions going to the merits" and that the "balance of hardships tips sharply in the [moving party]'s favor," along with a likelihood of irreparable injury and that the stay is in the public interest. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011); see also Big Lagoon Rancheria, 759 F. Supp. 2d at 1164 n.2.

Upon review, the Court finds good cause to temporarily stay the February 2 Order pending its review of the motions and show cause responses pertaining to that Order. In particular, the Court finds that a temporary stay is appropriate pursuant to the "serious questions" test. First, the Court finds that Defendants have raised serious questions going to the merits of the February 2 Order.[6] Second, the Court finds that Defendants have shown that the balance of hardships tips sharply in their favor, insofar as Defendants' right to appeal the February 2 Order would become moot if they are required to disclose certain information pursuant to that Order, while a temporary stay would only briefly postpone Plaintiffs' access to that information.[7] For the same reason, the Court finds that Defendants have shown a likelihood of irreparable injury if a temporary stay is not granted. Finally, the Court finds that Defendants have shown that the stay is in the public interest, insofar as the disputed information has "important national security implications." (Emergency Motion at 7.)

---

[6] (See, e.g., Motion for Leave at 5-6 (discussing "major changes" in the relevant law, including a 2011 Supreme Court decision, that "occurred while [this] case was pending," and that–Defendants contend–entitle them to seek reconsideration of the February 2 Order's requirement that they produce certain information).)

[7] See, e.g., Providence Journal Co. v. Fed. Bureau of Investigation, 595 F.2d 889, 890 (1st Cir. 1979) (explaining that it was appropriate to stay a district court's order requiring certain government documents to be disclosed, on the ground that the government's right of appeal would "become moot" otherwise, insofar as "confidentiality [would] be lost for all time" if the documents were "surrendered pursuant to the [district] court's order"). As the court in Providence Journal went on to observe, granting such a stay would be detrimental to the party to whom the documents were to be disclosed "only to the extent that it postpones the moment of disclosure[,] assuming [that the non-moving party] prevails[,] by whatever period of time may be required for [the court to address the moving party's motions]." Id.

3

Moreover, upon review of Defendants' Motion for Leave, the Court finds good cause to grant Defendants leave to file their Motion for Clarification and Partial Reconsideration.[8] In particular, the Court finds that Defendants, in their Motion for Leave, contend that there have been "significant" changes in the relevant law between the time briefing in this case was completed and the Court's issuance of the February 2 Order.[9]

Accordingly, the Court GRANTS Defendants' Emergency Motion for Administrative Stay and Defendants' Motion for Leave.[10] The Court ORDERS as follows:

(1) The Court STAYS the disclosure requirements of the February 2 Order.

(2) On or before **March 28, 2012**, Defendants shall file their Motion for Clarification and Partial Reconsideration as a separate docket item.

---

[8] See, e.g., In re Apple & AT&TM Antitrust Litig., No. C 07-05152 JW, 2012 WL 293703, at *1-2 (N.D. Cal. Feb. 1, 2012) (explaining that, pursuant to the Civil Local Rules, a party moving for leave to file a motion for reconsideration must specifically show, e.g., that at the time of filing such a motion, "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought").

[9] (See, e.g., Motion for Leave at 7-8 (citing a number of federal court decisions, issued after the parties completed their briefing, which address a certain statutory exemption to disclosure of information).)

[10] In light of this Order, the Court DENIES as moot the following motions: (1) Defendants' First Motion to Stay; and (2) Defendants' Motion for Expedited Briefing Schedule or, Alternatively, Motion to Postpone Compliance Date, Docket Item No. 100.
In addition, on February 16, 2010, Plaintiffs filed an Interim Motion for Attorney Fees. (Plaintiffs' Notice of Motion and Motion for an Interim Fee Award per 5 U.S.C. § 552(a)(4)(E); Memorandum of Points and Authorities in Support Thereof, hereafter, "Interim Motion for Attorney Fees," Docket Item No. 83.) In this Motion, Plaintiffs request attorney fees for the "first phase of litigation in this case," which, Plaintiffs contend, "culminated" with an October 2, 2007 Order issued by the Court. (Id. at 2.) On April 21, 2010, the Court took this Motion under submission. (See Docket Item No. 90.) As discussed above, this case was transferred to Chief Judge Ware on March 23, 2012. In light of the numerous, and time-sensitive, issues raised by the parties in relation to the Court's February 2 Order, the Court DENIES as premature Plaintiffs' Interim Motion for Attorney Fees, without prejudice to Plaintiffs to renew the Motion upon the Court's resolution of the issues relating to the February 2 Order.

4

(3) The Court sets **April 30, 2012 at 9 a.m.** for a hearing on Defendants' Motion for Clarification and Partial Reconsideration. Opposition and Reply briefs shall be filed in accordance with the Civil Local Rules.

Dated: March 27, 2012

JAMES WARE
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Colleen Flynn colleen_ucsc@hotmail.com
Timothy Andrew Johnson timothy.johnson4@usdoj.gov
W. Gordon Kaupp gordonk@hotmail.com

| | |
|---|---|
| **Dated:  March 27, 2012** | **Richard W. Wieking, Clerk** |
| | **By:      /s/ JW Chambers**<br>      **Susan Imbriani**<br>      **Courtroom Deputy** |