IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Marguerite Hiken, et al., | NO. C 06-02812 JW |
| Plaintiffs,<br>v. | **ORDER GRANTING DEFENDANTS' MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION** |
| Department of Defense, et al., | |
| Defendants. | |

Presently before the Court is Defendants' Motion for Clarification and Partial Reconsideration. (hereafter, "Motion," Docket Item No. 106.) The Court conducted a hearing on May 14, 2012. Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion.

**A.  Background**

A detailed summary of the factual background of this case is provided in the Court's October 2, 2007 Order Re: Cross-Motions for Summary Judgment[1] and the Court's February 2, 2012 Order Re Motions for Summary Judgment.[2] The Court reviews the procedural history relevant to the present Motion.

On October 2, 2007, the Court denied both parties' cross-motions for summary judgment, and required Defendants to: (1) "produce certain documents . . . for in camera review"; and (2)

---

[1] (Memorandum & Order Re: Cross-Motions for Summary Judgment, hereafter, "October 2 Order," Docket Item No. 53.)

[2] (Memorandum and Order Re Motions for Summary Judgment, hereafter, "February 2 Order," Docket Item No. 94.)

1 "provide a supplemental declaration" in regard to certain issues identified in the October 2 Order.
2 (See October 2 Order at 22.) On November 12, 2007 and December 14, 2007, the parties filed
3 further Motions for Summary Judgment.³ On March 18, 2008 and March 31, 2008, the parties filed
4 Replies in support of their further Motions for Summary Judgment, which completed the briefing on
5 those Motions.⁴ On April 28, 2008, the Court held a hearing on the parties' further Motions for
6 Summary Judgment. (See Docket Item No. 78.)

7 On February 2, 2012, the Court issued an order granting in part and denying in part both of
8 the parties' further Motions for Summary Judgment. (See February 2 Order.) In its February 2
9 Order, the Court ordered Defendants to show cause in writing on or before February 27, 2012 as to
10 why certain documents should not be fully released to Plaintiffs. (See id. at 24.) Further, the Court
11 stated that "all documents subject to disclosure under [the February 2 Order] shall be released to
12 [Plaintiffs] within sixty (60) days of the date of [the Order]." (Id.) On February 27, 2012 and March
13 12, 2012, the parties filed responses to the show cause provisions of the February 2 Order. (See
14 Docket Item Nos. 96, 97.) On March 14, 2012, Defendants filed both: (1) a motion for leave to file
15 a motion for reconsideration of the Court's February 2 Order; and (2) a motion seeking to stay the
16 disclosure requirements of the February 2 Order pending resolution of the parties' responses to the
17 show cause provisions of the February 2 Order and Defendants' Motion for Leave to File Motion for
18 Reconsideration. (See Docket Item Nos. 98, 99.)

19 On March 23, 2012, this case was reassigned from Judge Patel to Chief Judge Ware. (See
20 Docket Item No. 103.) On March 27, 2012, the Court temporarily stayed the February 2 Order and
21 granted Defendants leave to file a Motion for Clarification and Partial Reconsideration.⁵

---

23 ³ (Plaintiffs' Supplemental Cross-Motion for Summary Judgment and Opposition [sic] to Defendants' Supplemental Motion for Summary Judgment, Docket Item No. 60; Defendants'
24 Renewed Motion for Summary Judgment, Docket Item No. 66.)

25 ⁴ (See Docket Item Nos. 73, 74.)

26 ⁵ (See Order Granting Emergency Motion for Administrative Stay; Granting Defendants' Motion for Leave to File Motion for Clarification and Reconsideration, hereafter, "March 27 Order,"
27 Docket Item No. 105.)

28

2

Presently before the Court is Defendants' Motion for Clarification and Partial Reconsideration.

**B.     Standards**

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

**C.     Discussion**

Defendants contend that the Court should reconsider its February 2 Order in several respects. In particular, Defendants contend that: (1) given "major changes" in the law regarding Exemption 2 of the Freedom of Information Act ("FOIA"),[6] they should now be allowed to assert Exemption 1 regarding certain information as to which they had previously asserted Exemption 2; and (2) they should be allowed to withhold certain information under Exemption 6, as the Court's holding regarding that exemption is "contrary to the weight of authority" that has developed between the conclusion of briefing in 2008 and the Court's February 2 Order. (Motion at 4-16.) Plaintiffs respond that: (1) Defendants are not entitled to withhold certain information under Exemption 1 rather than Exemption 2, insofar as they "should have sought reclassification earlier" for that information, and fail to meet their legal burden now for reclassification; and (2) Defendants fail to

---

[6] Under FOIA, federal agencies are required to make government records available to the public, "subject to nine [enumerated] exemptions for specific categories of material." See, e.g., Milner v. Dep't of the Navy, 131 S. Ct. 1259, 1261-62 (2011) (citing 5 U.S.C. § 552).

meet the legal standard for reconsideration of the Court's ruling with regard to Exemption 6.[7] The Court considers each exemption in turn.[8]

### 1. Exemption 2

At issue is whether Defendants should now be permitted to seek to withhold under Exemption 1 certain information that they unsuccessfully sought to withhold under Exemption 2.[9]

As a "general rule," the government "must assert all exemptions at the same time, in the original district court proceedings." Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000) (citations omitted). However, because "the harms of disclosure may in some cases outweigh its benefits," courts are not to adopt a "rigid 'press it at the threshold, or lose it for all times' approach to . . . FOIA exemption claims." August v. Fed. Bureau of Investigation, 328 F.3d 697, 699 (D.C. Cir. 2003) (citation omitted). Instead, under certain circumstances, the government may "raise belated FOIA exemption claims." Id. at 700. In particular, it may be appropriate for a court to exercise its discretion to allow the government to raise a belated FOIA exemption claim "because of an interim development in applicable legal doctrine." Id. (citation omitted).

Here, in its February 2 Order, the Court considered Defendants' assertion of Exemption 2 as to certain documents. (See February 2 Order at 13-15.) The Court observed that, following a "once seminal" appellate court opinion, courts had developed an understanding of Exemption 2 under

---

[7] (Plaintiffs' Opposition to Defendants' Motion for Clarification and Partial Reconsideration at 12-22, hereafter, "Opp'n," Docket Item No. 108.)

[8] In addition to their requests for reconsideration, Defendants contend in their Motion that they "do not understand the [February 2 Order] to have required [them] to produce currently classified national security information at the present time," but request that the Court provide "clarification" that this understanding is correct. (Motion at 2, 4-8.) However, in their Reply, Defendants contend that "no further clarification is necessary" on this point "so long as the Court . . . does not disagree with this interpretation." (Reply to Plaintiffs' Opposition to Defendants' Motion for Clarification and Partial Reconsideration at 5, Docket Item No. 109.) The Court finds that the February 2 Order is clear as to this point, and accordingly declines to offer any "further clarification."

[9] Defendants originally asserted Exemption 2 as to the following documents: 1, 2a, 2b, 2c, 2d, 2e, 3, 3b, 3c, 3d, 4 and 5. (See February 2 Order at 15.) In the present Motion, however, Defendants only seek to assert Exemption 1, in lieu of Exemption 2, as to certain pages of the following documents: 2a, 2b, 2d and 3d. (See Motion at 8.)

which it pertained either to documents that are: (1) "predominately internal . . . the disclosure of which would risk circumvention of agency statutes and regulations"; or (2) "predominately internal . . . that deal[t] with trivial administrative matters."[10] The Court went on to observe that the "line of cases" that had established these designations was rejected in 2011 by the Supreme Court.[11] As the Court observed, the Supreme Court in Milner held that the government "has other tools [than Exemption 2] at hand to shield national security and other sensitive matters," including, "[m]ost notably, Exemption 1."[12] Accordingly, the Court concluded that "[t]o interpret Exemption 2 as [Defendants] in this case have . . . is now contrary to the current interpretation rendered by the Supreme Court." (Id.) In particular, the Court stated that the "documents in this case for which Exemption 2 . . . is claimed" relate to "the types of activities or matters for which there are 'other tools at hand', [sic] namely Exemption 1." (Id. at 14-15.) Thus, the Court found that Exemption 2 "does not apply to the documents for which it is asserted." (Id.)

Upon review, the Court finds good cause to allow Defendants to assert Exemption 1 as to the documents at issue, for which they had previously asserted Exemption 2. As discussed above, the motions on which the Court ruled in its February 2 Order were completely briefed in 2008, when a hearing was held. However, in 2011–three years after the briefing in this case was completed, but prior to the Court's issuance of the February 2 Order–the Supreme Court issued its opinion in Milner, which overturned an interpretation of Exemption 2 that had "been consistently followed, or favorably cited, by every Court of Appeals to have considered the matter during the past 30 years."[13]

---

[10] (February 2 Order at 14 (citing Crooker v. Alcohol, Tobacco & Firearms, 670 F.2d 1051 (D.C. Cir. 1981) and Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992)).)

[11] (Id. (citing Milner, 131 S. Ct. at 1271).)

[12] (Id. (citing Milner, 131 S. Ct. at 1271).)

[13] Milner, 131 S. Ct. at 1274 (Breyer, J., dissenting). The Court observes that the Justices in Milner disagreed as to the extent to which the prior interpretation of Exemption 2 had been "consistently relied upon and followed" among the various circuits. Id. at 1268. Regardless, it is clear that, prior to Milner, the Ninth Circuit adhered to the interpretation of Exemption 2 that the Supreme Court overturned in that case. See Milner v. U.S. Dep't of the Navy, 575 F.3d 959, 965 (9th Cir. 2009), overruled by Milner, 131 S. Ct. 1259 (2011).

5

1 The Court finds that the Supreme Court's decision, in Milner, to overturn the interpretation of
2 Exemption 2 on which Defendants had relied constitutes an "interim development in applicable legal
3 doctrine" sufficient to warrant the government's assertion of a belated FOIA exemption. August,
4 328 F.3d at 700.

Having determined that Defendants may assert Exemption 1 as to the documents at issue, the Court proceeds to consider whether Exemption 1 is applicable to those documents. As the Court explained in its February 2 Order, Exemption 1 pertains to matters that are: (1) "specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy"; and (2) "are in fact properly classified pursuant to such Executive Order." (February 2 Order at 5 (citing 5 U.S.C. § 552(b)(1)).) Here, the government asserts Exemption 1 as to the documents at issue pertaining to an Executive Order permitting the classification of information pertaining to "military plans, weapons systems, or operations."[14] Upon review of the government's declaration regarding these documents and the documents themselves,[15] the Court finds that they are properly classified under Exemption 1.

Accordingly, the Court GRANTS Defendants' Motion as to the assertion of Exemption 1 regarding the documents discussed above.

### 2. Exemption 6

At issue is whether the Court should reconsider its prior holding regarding Exemption 6.

Exemption 6 pertains to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). This exemption is "intended to cover detailed Government records on an individual which can be identified as applying to that individual." U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982) (citation omitted). In considering whether the exemption applies to a request for

---

[14] (See Response to Show Cause Order, Ex. 1, Declaration of Major General Karl R. Horst ¶¶ 9, 10, 12, 17, Docket Item No. 96-1 (citing Exec. Order No. 13,526, 75 Fed. Reg. 707 (Dec. 29, 2009)).)

[15] Defendants are currently seeking to assert Exemption 1 as to a total of twelve pages of various documents. (See Motion at 8 n.3.)

6

information, courts must consider "first, whether the information is contained in a personnel, medical, or 'similar' file, and, second, whether release of the information would constitute a clearly unwarranted invasion of the person's privacy." Elec. Frontier Found. v. Office of the Dir. of Nat. Intelligence, 639 F.3d 876, 886 (9th Cir. 2010) (citation and internal quotations omitted). In conducting the second inquiry, courts should "balance the individual's privacy interest against the extent to which FOIA's central purpose of opening agency action to public scrutiny would be served by disclosure." Id. (citations omitted).

Here, in its February 2 Order, the Court considered certain information as to which Defendants asserted Exemption 6. (See February 2 Order at 18-20.) In particular, the Court found that certain "names and official email addresses and official phone numbers" were not covered by this exemption, as they both "fail to meet the 'similar files' prong of Exemption 6 and fail to amount to an unwarranted invasion of privacy."[16] In reaching that conclusion, the Court relied upon a 2005 decision of the District of District of Columbia holding that names and telephone numbers are not protected by Exemption 6. See Gonzales, 404 F. Supp. 2d at 256-57. However, between 2008 and 2012, the District of the District of Columbia has issued several decisions holding that such information is, in fact, protected by Exemption 6.[17] As that court has explained, "personal information" that can be "identified as applying to particular individuals"–including such information as names and email addresses–comes under the ambit of Exemption 6. See Gov't Accountability Project v. U.S. Dep't of State, 699 F. Supp. 2d 97, 105-06 (D.D.C. 2010). The Court finds that these decisions constitute sufficient grounds for reconsideration of the February 2 Order's holding with respect to Exemption 6. Arnold, 179 F.3d at 665.

---

[16] (February 2 Order at 19 (citing Leadership Conference on Civil Rights v. Gonzales, 404 F. Supp. 2d 246, 256-57 (D.D.C. 2005)).)

[17] See, e.g., Lewis v. U.S. Dep't of Justice, No. 09-0746 (RBW), 2011 WL 5222896, at *10-11 (D.D.C. Nov. 2, 2011) (holding that the names and "personally identifiable information" of certain personnel were properly withheld under Exemption 6); Schwaner v. Dep't of the Army, 696 F. Supp. 2d 77, 82-83 (D.D.C. 2010) (holding that Exemption 6 applied to names and other "personal information" of government personnel); Bangoura v. U.S. Dep't of the Army, 607 F. Supp. 2d 134, 147-49 (D.D.C. 2009) (finding that the names and "identities" of government personnel were "properly withheld" under Exemption 6).

7

Plaintiffs' contention that the Court should not consider the holding of the February 2 Order with respect to Exemption 6 because there has not been any "change in controlling law" is misguided. (Opp'n at 20-22.) In support of this contention, Plaintiffs contend that the "change in the law" at issue is merely a series of decisions "by courts in the District of District of Columbia," which is not a change in "controlling law," insofar as those decisions are not binding authority in the Ninth Circuit. (Id. at 21.) However, the Court finds that this contention is unavailing. First, as discussed above, in its February 2 Order the Court relied entirely on a 2005 decision from a court in the District of District of Columbia in reaching its conclusion regarding Exemption 6. Thus, the Court finds that subsequent changes in the law within the District of District of Columbia are, in fact, relevant for purposes of reconsideration of the Court's February 2 Order. Second, due to the fact that venue in FOIA cases is, by statute, established "in the District of Columbia," a significant proportion of FOIA cases arise in that District, which means that decisions of the District of District of Columbia with regard to FOIA are entitled to considerable deference.[18] Thus, the Court finds that the District of District of Columbia cases discussed above regarding Exemption 6 provide sufficient grounds for reconsidering the Court's February 2 Order as to that exemption.

Thus, the Court finds good cause to reconsider its February 2 Order as to Exemption 6, and concludes that Defendants may withhold, under that exemption, "personal information" that can be "identified as applying to particular individuals." Gov't Accountability Project, 699 F. Supp. 2d at 105-06. In particular, the Court finds that Defendants may withhold the personally identifying information of the individuals at issue, including photographs of those individuals, insofar as: (1) these individuals "have a clear privacy interest in avoiding the disclosure" of such personally

---

[18] See, e.g., Lykins v. U.S. Dep't of Justice, 725 F.2d 1455, 1461 n.7 (D.C. Cir. 1984) (explaining that "Congress explicitly laid venue in FOIA cases in 'the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia'") (citing 5 U.S.C. § 552(a)(4)(B)). As the Department of Justice has explained, "[l]argely due to the statutory designation of the District of Columbia as an appropriate forum for any FOIA action, the District Court for the District of Columbia and Court of Appeals for the District of Columbia Circuit have, over the years, decided a great many of the leading cases under [FOIA]." Freedom of Information Act Guide, May 2004, *available at* http://www.justice.gov/oip/litigation.htm (last visited May 3, 2012).

8

identifying information; and (2) releasing such personally identifying information would "serve[] no public interest," because it "would not reveal 'what the government is up to.'" Id. at 106.

Accordingly, the Court GRANTS Defendants' Motion as to the assertion of Exemption 6 regarding the personally identifying information, including photographs, discussed above.[19]

### D. Conclusion

The Court GRANTS Defendants' Motion for Clarification and Partial Reconsideration.

On or before **May 25, 2012**, all documents subject to disclosure under the February 2 Order and this Order shall be released to Plaintiffs.

In addition, in its March 27 Order, the Court denied as premature a pending Interim Motion for Attorney Fees that had been filed by Plaintiffs on February 16, 2012. (March 27 Order at 4 n.10.) As the Court explained in that Order, the Court denied the Motion in order to address the "numerous, and time-sensitive, issues raised by the parties in relation to the Court's February 2 Order." (Id.) However, the Court stated that the denial was "without prejudice to Plaintiffs to renew the Motion upon the Court's resolution of the issues relating to the February 2 Order." (Id.) Accordingly, Plaintiffs may file a Renewed Motion for Attorney Fees at this time. To bring this 2006 case to a close and to manage its docket, the Court sets **July 9, 2012 at 9 a.m.** as a presumptive hearing date for Plaintiffs' Motion. Thus, on or before **June 4, 2012**, Plaintiffs shall file their Motion for fees and the parties shall brief the Motion in accordance with the Civil Local Rules.

Dated: May 24, 2012

JAMES WARE
United States District Chief Judge

---

[19] In light of this holding, the Court does not reach Defendants' contention that Exemption 3 applies to the photographs at issue. (See Motion at 10-12.)

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Colleen Flynn colleen_ucsc@hotmail.com
Timothy Andrew Johnson timothy.johnson4@usdoj.gov
W. Gordon Kaupp gordonk@hotmail.com

**Dated:  May 24, 2012**                                                **Richard W. Wieking, Clerk**

                                                                        **By:      /s/ JW Chambers**
                                                                            **William Noble**
                                                                            **Courtroom Deputy**