# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGUERITE HIKEN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>DEPARTMENT OF DEFENSE, et al.,<br><br>  Defendants. | Case No.: 06-cv-02812-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE; ADOPTING IN PART REPORT AND RECOMMENDATION THAT PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT BE GRANTED; AND DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT PER FED. RULE OF CIV. PRO. 59(e)** |

Pending before the Court are three matters: (1) Plaintiffs' Motion to Alter or Amend Judgment Per Fed. Rule of Civ. Pro. 59(e); (2) Magistrate Judge Kandis A. Westmore's Report and Recommendation that Plaintiffs' Motion to Alter or Amend the Judgment Be Granted; and (3) Defendants' Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge. (Dkt. Nos. 129, 139 & 140, respectively.)

Having carefully considered the papers submitted on these matters, and for the reasons set forth below, the Court hereby **ADOPTS IN PART** Judge Westmore's Report and Recommendation, **GRANTS** Defendants' Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge, and, consequently, **DENIES** Plaintiffs' Motion to Alter or Amend Judgment.

**I.  RELEVANT PROCEDURAL BACKGROUND**

  **A.  Underlying Order Regarding Plaintiffs' Motion for Attorney Fees**

At the center of the pending dispute is the Honorable James Ware's Order Granting in Part Plaintiffs' Motion for Attorney Fees ("Fee Order"). (Dkt. No. 125.) In the underlying Motion for an Attorney Fee Award Per 5 U.S.C. § 552(a)(4)(E) ("Fee Motion"), Plaintiffs requested $381,633.99 in fees and costs. (Dkt. No. 115.) The attorneys' fee portion of the requested award

reflected a lodestar calculation of (a) the attorneys' then-*current* billing rates multiplied by (b) the total hours worked by the four attorneys, less (c) a 10% reduction to account for potential overlap in work. (Fee Motion at 23–26.)

With the benefit of the parties' respective briefing, Judge Ware declined to award Plaintiffs fees based on their then-current billing rates, and instead issued an award based on historical rates—that is, the prevailing market rates between 2006 and 2008—when the bulk of the work on the case had been performed. (Fee Order at 9–10.) Judge Ware noted that Plaintiffs had provided supporting declarations that spoke only to their current rates and found that a rate of $200 per hour for each of the attorneys in the case was reasonable. (*Id.*)

With respect to the number of hours, Judge Ware rejected each of Defendants' three arguments in support of a reduction in hours and declined to reduce the total number of hours submitted by Plaintiffs' attorneys for compensation. (*Id.* at 11–14.)

At a rate of $200 per hour, and using the total number of hours submitted by Plaintiffs, Judge Ware awarded a total of $180,520 in attorneys' fees, plus $1,059.99 in costs, for a total award of $181,579.99. Judgment was entered in this action on August 29, 2012. (Dkt. No. 127.)

**B.      Plaintiffs' Motion to Alter or Amend Judgment Per Fed. Rule of Civ. Pro. 59(e)**

After Judgment was entered, Plaintiffs filed a Motion to Alter or Amend Judgment Per Fed. Rule of Civ. Pro. 59(e) ("Motion to Alter"). (Dkt. No. 129.) Plaintiffs claim it was manifestly unjust and clear error for Judge Ware to have: (1) awarded fees at historical rates, rather than current rates; and (2) set Plaintiffs' attorneys' rates at $200 per hour for all the years they worked on the case.

Defendants opposed this Motion and argued, among other things, that: (1) Judge Ware properly used historical rates in calculating the fee award; (2) $200 per hour was reasonable; and (3) Judge Ware's total fee award was "already remarkably generous" because it compensated the attorneys for "unsuccessful and unnecessary work" that should not have been awarded, and thus—even if $200 per hour was too low—the total fee award was still reasonable under the circumstances. (Dkt. No. 132 at 5–6, 9–11, 12, 16.)

### C. Magistrate Judge Westmore's Report and Recommendation

This Court referred the Motion to Alter to Magistrate Judge Westmore for a report and recommendation. (Dkt. No. 135.) On January 14, 2013, Judge Westmore issued her Report and Recommendation that Plaintiffs' Motion to Alter or Amend the Judgment Be Granted ("Report and Recommendation"). (Dkt. No. 139.) Judge Westmore made five findings:

*First*, she found that Judge Ware's decision to award fees at historical rates, rather than current rates, was not manifestly unjust.

*Second*, Judge Westmore recommended that the judgment be altered or amended because Judge Ware's decision to award fees at a rate of $200 per hour for all attorneys for all hours worked throughout the litigation was based on clear error of failing to consider evidence proffered by Plaintiffs. Specifically, Judge Westmore focused on two statements in the Fee Order: wherein Judge Ware observed that the attorneys (i) provided declarations only as to their current billing rates, rather than their historical billing rates, and (ii) "fail[ed] to provide evidence of prevailing market rates in this forum during the time period at issue." (*See* Fee Order at 9–10 (citing Dkt. Nos. 116, 116-1, 116-2 & 116-3; Report and Recommendation at 5.) Judge Westmore then found Plaintiffs *had* submitted declarations and other documents in support of the prevailing market rates during the relevant time period, and concluded that Judge Ware must have overlooked Dkt. Nos. 117 and 118 (consisting of third-party attorney declarations addressing market rates). (Report and Recommendation at 5–7.) As such, she recommended that Plaintiffs' Motion to Alter be granted because "Judge Ware's finding . . . that $200 was a reasonable billing rate for all of the attorneys [wa]s based on a clear error of fact, because he did not see the evidence submitted with the motion that was filed in separate docket entries." (*Id.* at 7.)

*Third*, Judge Westmore rejected Defendants' argument that the total fee award should not be changed because it was "already remarkably generous." (Report and Recommendation at 7.) Judge Westmore found that procedurally the court had no basis for altering the fee award on any ground not raised in Plaintiffs' Motion to Alter. Because Defendants had not filed their own motion to alter or amend the judgment, Judge Westmore found she could not modify Judge Ware's findings by analyzing the reasonableness of the number of hours billed by Plaintiffs' attorneys.

*Fourth*, Judge Westmore analyzed the evidence submitted in support of Plaintiffs' original

3

Fee Motion, including the declarations of the attorneys and those that she believed Judge Ware overlooked. Based on this evidence, she recommended a lodestar calculation for each of the four Plaintiffs' attorneys, designating a rate to be applied for each year of work performed depending on level of experience and based on the number of hours worked that year. (Report and Recommendation at 7–11.) In sum, Judge Westmore recommended a total fee award of $257,776.50, minus the payment already made by Defendants.

*Fifth*, Judge Westmore recommended that Plaintiffs' request for judicial notice (Dkt. No. 137) be denied because the accuracy of the report submitted could reasonably be questioned.

Because neither party has objected to the First or Fifth recommendations set forth above, the Court hereby **ADOPTS** those recommendations (set forth in sections III.A and IV of the Report and Recommendation), as this Court finds them to be correct, well-reasoned, and thorough.

## II. DE NOVO REVIEW

Defendants objected to the Report and Recommendation by filing a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge ("Motion for De Novo Determination") on the Second, Third, and Fourth recommendations. (Dkt. No. 140 at 5–9, 13–21; *see also* Dkt. No. 142.) Plaintiffs did not file any objections to the Report and Recommendation, but oppose Defendants' instant motion. (Dkt. No. 141.) The Court therefore **GRANTS** Defendants' Motion for De Novo Determination and conducts a de novo review of Plaintiffs' Motion to Alter as to the recommendations challenged.

### A. Legal Standard for Plaintiffs' Motion to Alter

A motion under Fed. R. Civ. P. 59(e) is treated as a motion for reconsideration, and may be granted if: (1) the motion is "necessary to correct *manifest errors of law or fact upon which the judgment is based*;" (2) the moving party presents "newly discovered or previously unavailable evidence;" (3) the motion is necessary to "prevent manifest injustice;" or (4) there is an "intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (emphasis in original; citations omitted); *see also Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed

clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law").

The "clear error" standard is met if, on reconsideration, the Court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citations omitted). While "Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (motion under Rule 59(e) "should not be granted, absent highly unusual circumstances . . .") (citations omitted).

"Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Patton Boggs, LLP v. Chevron Corp*., 791 F. Supp. 2d 13, 27 (D.C. Cir. 2011) (citations omitted).

**B.  Whether Judge Ware Committed Clear Error in Awarding $200 Per Hour**

In their Motion to Alter, Plaintiffs ascribe the following errors to Judge Ware's Fee Order:

> [T]he Court erred in 1) determining that "Plaintiffs failed to provide evidence of prevailing market rates during the time period at issue," 2) determining that $200 per hour is the appropriate hourly rate for all four attorneys (even though their years of graduation range from 2002 to 2006) for work done in 2007-2008, and 3) applying that rate to all work done from 2006 through 2012. Even applying historical rates to the loadstar calculation, there is ample evidence in the record showing that all four of plaintiffs' attorneys had, and should have been awarded, significantly higher hourly rates.

(Motion to Alter at 15.) To determine whether Judge Ware's determinations were erroneous, this Court must analyze both the arguments made by the parties in briefing on the Fee Motion and the evidence presented in support thereof. As set forth below, based on the complete record before Judge Ware, this Court is not "left with the definite and firm conviction that a mistake has been committed" (*Easley*, 532 U.S. at 242) and thus does not find that Judge Ware committed clear error in setting the fee at $200 per hour.

In their Fee Motion, Plaintiffs sought a lodestar award and urged the court to authorize an

upward adjustment on the lodestar figure. (Fee Motion at 23.) Specifically, "Plaintiffs urge[d] the Court to recognize that their attorneys ha[d] expended hundreds of hours in attorney time through six long years of litigation without any compensation *and to apply the attorneys' current rates*." (*Id.* at 25 (emphasis supplied).) Plaintiffs presented the court with one figure in requesting an award of fee: a lodestar figure that reflected the attorneys' then-current rates, minus a 10% deduction, or $381,633.99. (Fee Motion at 26; Declaration of Colleen Flynn in Support of Plaintiffs' Motion for Attorney Fees Per 5 U.S.C. § 552(a)(4)(E) ["Flynn Decl." (Dkt. No. 116)] ¶ 29.)

Notably, Plaintiffs presented no alternative amount in requested fees based on historical rates, despite the fact that Plaintiffs now concede that historical hourly rates are typically used.[1] As Judge Ware noted, Plaintiffs' attorneys' declarations were directed at their current market rates. (Flynn Decl. ¶ 24; Declaration of Chris Ford, Esq. in Support of Plaintiffs' Motion for Attorney Fees Per 5 U.S.C. § 552(a)(4)(E) ["Ford Decl." (Dkt. No. 116-1)] ¶ 9; Declaration of W. Gordon Kaupp in Support of Plaintiffs' Motion for Fee Award Pursuant to 5 U.S.C. § 552(a)(4)(E) ["Kaupp Decl." (Dkt. No. 116-2)] ¶ 8; Declaration of Kenneth A. Kreuscher, in Support of Plaintiffs' Motion for Fee Award ["Kreuscher Decl." (Dkt. No. 116-3)] ¶ 11.) This Court recognizes that in the declarations, certain attorneys stated that they had previously received a certain fee award or had a particular billing rate during a particular year. (Flynn Decl. ¶ 24 (awarded fees at $350 per hour in 2009); Kaupp Decl. ¶ 8 (submitted hourly rate of $225 in motion for attorneys' fees in 2005 case in N.D. Cal.); Ford Decl. ¶ 9 (billing rate was $325 per hour in or around December 2009).) However, Plaintiffs did not actually argue in the Fee Motion for any rates other than their current billing rates, nor did they provide any analysis on what reasonable historical rates would have been for each of the attorneys during the time worked.

By contrast, and of significance, in Defendants' Opposition to Plaintiffs' Renewed Motion

---

[1] In Plaintiffs' Reply in Support of Motion to Alter or Amend Judgment, Plaintiffs concede that historical hourly rates are generally used to calculate fee awards in FOIA cases. (Dkt. No. 133 at 5.) Moreover, Plaintiffs did not object to Judge Westmore's finding that awarding fees at historical rates was not manifestly unjust, nor did they object to her finding that it was within Judge Ware's discretion whether or not award an enhancement.

for Attorney Fees ("Fee Opposition"), Defendants proposed a rate of $200 per hour as a reasonable attorney fee. (Dkt. No. 121 at 22.) Defendants argued that the attorneys' declarations "only address[ed] what Plaintiffs' attorneys purport to be reasonable *current* rates for their services. The declarations say nothing about what their reasonable rates were from 2008 to early 2008, when they actually performed the work." (*Id.* at 24 (emphasis in original).) Defendants argued at considerable length the justification for application of a $200 per hour award. (*Id.* at 25–30.)

In response, Plaintiffs essentially ignored the arguments and continued to urge an award of their *entire fee request* based on current rates. (Reply in Support of Plaintiffs' Motion for an Attorney Fee Award Per 5 U.S.C. § 552(a)(4)(E) ("Fee Reply"). (Dkt. No. 124 at 14 (stating, among other things, "[t]he authorities support recovery by plaintiffs' counsel of fees at current rates").) Plaintiffs therefore *chose* not to address substantively the issue of reasonable historical rates in their Reply, and *chose* not to propose an alternative fee award to the desired award of $381,633.99.

Here, Plaintiffs' Motion to Alter takes issue with Judge Ware's application of a historical rate structure (which Plaintiffs finally concede is appropriate) and only now belatedly attempts to propose an alternative fee award reflecting such historical rates. (*See* Motion to Alter at 24 ("In the alternative, plaintiffs request the Court alter or amend its judgment using accurate historical rates. If using historical rates, plaintiffs propose the Court apply the following hourly rates . . . ").) Only now do Plaintiffs present detailed charts reflecting an appropriate award for each attorney, breaking down the number of hours per year and identifying what a reasonable rate would be for each year. (*Id.* at 24–25.) Based upon this new analysis, Plaintiffs only now argue that a reasonable fee based on historical rates would be $285,999.00.

Plaintiffs are not allowed two bites at the apple. Plaintiffs affirmatively chose to argue to Judge Ware a fee award based solely on current rates. While there may have been information in the attorneys' declarations relating to historical rates, Plaintiffs did not provide any analysis for a fee award based thereon, as they do now. The fact that the declarations at Dkt. Nos. 117 and 118 contained such additional information does not alter that Plaintiffs sought an award of $381,633.99. Plaintiffs took a risk in seeking only the higher (enhanced) award based on current rates, and not

7

proposing or attempting to justify a reasonable fee award based on historical rates.[2] Rule 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Patton Boggs*, 791 F. Supp. 2d at 27 (citations omitted).

Having not presented Judge Ware with an alternative fee request, this Court cannot say that it is left with a definite and firm conviction that Judge Ware committed clear error in awarding Plaintiffs' attorneys $200 per hour. Defendants presented Judge Ware with a proposed $200 per hour fee, providing various arguments in support thereof. (Fee Opposition at 25–30.) Judge Ware considered those arguments, and conducted his own analysis of Northern District cases to conclude that $200 per hour was reasonable in this instance. (Fee Order at 9–10.) Those legal bases are not clearly erroneous.

Judge Westmore's Report and Recommendation does not compel a different result as to these issues. The mere statement in Judge Ware's order that "Plaintiffs fail[ed] to provide evidence of the prevailing market rates" does not compel the conclusion that he did not consider the scant evidence now highlighted by Plaintiffs, especially in light of the parties' arguments in the Fee Motion briefing.[3] Nothing in the record suggests that an extraordinary remedy should be granted here. Judicial resources are limited, and Plaintiffs' new arguments, based on evidence that existed at the time, could have—and should have—been presented to Judge Ware.

For these reasons, the Court declines to find that Judge Ware committed clear legal or factual error in determining that $200 per hour was a reasonable rate.[4]

---

[2] To the extent the declarations contained in Dkt. Nos. 116–118 did address historical rates, the Court notes that Plaintiffs, in essence, attempted to shift the burden to the court to conduct an analysis of a reasonable historical rate for them. The Court should not be forced to scour the record for Plaintiffs, who elected not to conduct their own historical rate analysis in support of a requested award. At a minimum, Plaintiffs should have performed a lodestar calculation using reasonable historical rates and their evidence, and presented that to the court as an alternative fee award.

[3] Judge Ware's Fee Order explicitly referenced Dkt. Nos. 116–116-3 and 118-1. (Fee Order at 6 n.13 & 9 n.17.) Because he reviewed and cited those docket items, the Court finds it is likely that he also reviewed Dkt. Nos. 117 and 118.

[4] Because the Court does not find clear error based upon its de novo determination of the Motion to Alter, it declines to address the remaining objections to the Report and Recommendation as moot.

## III. CONCLUSION

For the foregoing reasons, the Court:

- **ADOPTS** the Report and Recommendation at section III.A, finding that Judge Ware's decision to award fees at historical rates was not manifestly unjust;
- **ADOPTS** the Report and Recommendation at section IV, recommending that Plaintiffs' request for judicial notice be denied;
- **GRANTS** Defendants' Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge as to the issues raised in sections III.B, III.C, and III.D of the Report and Recommendation;
- **DECLINES** to find that Judge Ware committed clear legal or factual error in determining that $200 per hour was a reasonable rate; and, therefore
- **DENIES** Plaintiffs' Motion to Alter or Amend Judgment.

This Order terminates Dkt. Nos. 129, 139, and 140.

**IT IS SO ORDERED**.

Dated: August 19, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**